UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ERIC FLORES                           :
                                      :
       v.                             :    C.A. No. 14-042S
                                      :
UNITED STATES                         :
ATTORNEY GENERAL, et al.              :

**REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On January 23, 2014, Plaintiff, an El Paso, Texas resident, filed a pro se "Petition to Challenge the Constitutionality of the First Amendment" accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. Plaintiff's Application (Document No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted,"

and/or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff sues the United States Attorney General and the Federal Bureau of Investigation. He seeks to represent a class of "Mexican American citizens" who are seeking "relief from imminent danger such as death." Although his sixty-one page Complaint is difficult to comprehend, he repeatedly alleges that an "organized group of executive employees of the federal government" has used "advanced technology with a direct signal to the satellite in outer space that has the capability of calculating a genetic code" to cause pain or death to those targeted or to disrupt their personalities to cause them to commit adultery or otherwise disrupt their marriages resulting in separation or discord. Plaintiff does not allege the names of these executive employees or otherwise provide ay detail as to their identities.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Rule 8(a)(2), Fed. R. Civ. P., requires that every Complaint "must" contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Plaintiff's lengthy and disorganized Complaint is hardly a "short and plain statement" and does not comply with Rule 8(a)(2). In addition, Plaintiff's allegations, and particularly those centered around the unidentified group of executive employees and the use of the genetic-altering satellite, are delusional and wholly incredible on their face. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios"). In addition, Plaintiff is a prolific pro se litigant whose similar fanciful filings have been uniformly rejected by other courts. See, e.g., Flores v. Attorney General, No. 13-cv-1-SM, 2013 WL 3190573 (D.N.H. June 20, 2013; Flores v. Attorney General, No. 2:13-

cv-325-DBH, 2013 WL 5435210 (D.Me. Sept. 26, 2013); and <u>Flores v. Attorney General</u>, No. 3:14-cv-037, 2014 WL 559368 (S.D. Ohio Feb. 11, 2014); <u>see also</u> <u>Flores v. Holder</u>, 132 S. Ct. 2397 (U.S. 2012) (Because of his repeated abuse of process, the Supreme Court restricted Plaintiff from filing any future IFP petitions in noncriminal matters unless he paid the required docketing fee in advance.). Similarly, his allegations in this Complaint are frivolous and fail to state any viable legal claims and should be summarily dismissed.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED with prejudice as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 18, 2014